# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| Jason A. Hanson, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:18-1631-TMC |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| Bryan M. Antonelli, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Jason A. Hanson ("Hanson"), a prisoner incarcerated at FCI-Williamsburg in Salters, South Carolina, filed this action pursuant to 28 U.S.C. § 2241. (ECF No. 1). Hanson also filed a related motion for a preliminary injunction. (ECF No. 11). The matter was referred to a United States Magistrate Judge for review pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.). On July 19, 2018, the magistrate judge issued a Report and Recommendation ("Report") (ECF No. 14) recommending that Hanson's motion for a preliminary injunction be denied and that his § 2241 petition be summarily dismissed. Hanson thereafter filed objections to the Report (ECF No. 22) and moved for recusal of both the magistrate judge and the undersigned district judge (ECF No. 17).

## I. Standard of Review

A magistrate judge makes only a recommendation to the court. The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the

magistrate judge, or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).  However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Hanson is a *pro se* litigant, and thus his pleadings must be accorded liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  However, a court may not construct a party's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–418 (7th Cir. 1993), nor should it "conjure up questions never squarely presented," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**II. Background**

Hanson pled guilty in the United States District Court for the Southern District of Illinois to conspiracy to manufacture methamphetamine.  *See* 21 U.S.C. § 846.  On April 8, 2010, Hanson was sentenced to a 300-month term of imprisonment.

On June 14, 2018, Hanson filed the instant § 2241 habeas petition to challenge "[h]ow [his] sentence is being *carried out*," rather than "[t]he validity of [his] conviction or sentence as imposed."  (ECF No. 1 at 3) (emphasis added).  Hanson alleges that he underwent eye surgery in 2013, at which time his "eyesight started to deteriorate" until he "became so visually impaired that [he could] no longer function in any prison setting."  *Id.* at 6.  Hanson claims that, because of his severe visual impairment, he is "totally defenseless in prison around violent inmates," *id.* at 3, that he is vulnerable to theft and ridicule from the other inmates, and that he cannot "enjoy the services

2

provided to other prisoners," *id.* at 8. Based on his alleged impairment, Hanson concludes that he qualifies under federal law for, and is entitled to, some form of "home detention" instead of incarceration at a federal prison. *Id.* at 7-8.

In his § 2241 petition, Hanson raises essentially three challenges to the 2017-2018 "decision to continue to house [him] in a federal prison after [his] eyesight deteriorated to the point that [he is] blind," rather than place him in home detention for the remainder of his sentence. *Id.* at 3. First, Hanson alleges that his continued imprisonment deprives him of the home or community-based detention alternatives to which he is entitled under § 5H1.4 of the Unites States Sentencing Guidelines ("U.S.S.G."); Bureau of Prisons ("BOP") Program Statement 7310.04; and the federal "Location Monitoring" program. *Id.* at 7-8.[1] Second, Hanson alleges that by continuing to keep him incarcerated instead of placing him in home confinement, Respondent has abridged his due process and equal protection rights guaranteed by the Fifth Amendment. Finally, Hanson asserts that his "imprisonment, in this state of blindness, amounts to cruel and unusual punishment" in violation of the Eighth Amendment. *Id.* at 9A.

Hanson then filed what he styled an Emergency Motion for Preliminary Injunction (ECF No. 11), seeking to enjoin Respondent from "[m]oving, transferring, or otherwise shipping the Petitioner . . . to any other prison, facility, or Holdover, until after the disposition of this case." *Id.* at 1. Hanson claims that without such injunctive relief, Respondent will transfer him to another prison facility on account of his "medical condition," *id.*, and thereby "MOOT this entire case, and cause this Court to lose Jurisdiction," *id.* at 2.

---

[1] Hanson's petition listed these as three separate non-constitutional claims for relief. (ECF No. 1 at 7-8).

The magistrate judge noted that Hanson "admits he did not exhaust his administrative remedies, but argues that to do so would prove futile, since the Respondent Warden told him he would not 'transfer [Hanson] anywhere now, and only to a different prison after eighteen months.'" ECF No. 14 at 3. The magistrate judge rejected this argument, concluding that Hanson's "statement alone is insufficient to show futility," *id.*, as Hanson had not explained why it would have been futile to pursue the remedies provided by the BOP administrative process under 28 C.F.R. §§ 542.10-16, *see* ECF No. 14 at 4.[2] In conclusion, the magistrate judge explained that because Hanson "has admittedly not exhausted his administrative remedies or shown futility to do so, this matter must be dismissed." (ECF No. 14 at 4).

The magistrate judge also recommended that the court deny Hanson's motion for a preliminary injunction under the standard imposed by well-established Supreme Court precedent. *See, e.g.*, *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A party "seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. The magistrate judge concluded that Hanson failed to demonstrate any of these factors:

---

[2] The magistrate judge stated that the BOP's administrative review process requires a prisoner to

> informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written complaint within fifteen (15) calendar days of the date on which the basis of the complaint occurred. If the inmate is not satisfied with the warden's response, he may appeal to the Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel.

(ECF No. 14 at 3) (citations and internal quotation marks omitted).

4

> First, he is not likely to succeed on the merits. Even if his failure to exhaust could be excused, the relief he seeks (an order directing home confinement and/or location monitoring) is not a cognizable claim under § 2241, because this petition challenges the condition of his confinement, not its fact or duration. Second, he has not shown he will suffer irreparable harm by being transferred, as his case is subject to dismissal in any event given his failure to exhaust. Third, the petitioner has not shown that the balance of equities tip[s] in his favor, as his petition shows that he is serving a sentence of imprisonment as directed by the sentencing court. Lastly, he fails to demonstrate how his release could be in the public's interest.

ECF No. 14 at 4-5 (footnote omitted). Thus, the magistrate judge recommended that the court deny Hanson's motion for a preliminary injunction. Hanson filed objections to the Report in a timely manner. (ECF No. 22).

After the magistrate judge issued the Report, there were two additional filings. On July 30, 2018, Hanson filed a motion for recusal of both the undersigned district judge and the magistrate judge issuing the Report. (ECF No. 17). And, on September 24, 2018, the court received a declaration from Hanson that he had been transferred from FCI-Williamsburg to FCI-Fairton in Fairton, New Jersey. (ECF No. 27).

### III. Analysis

#### A. Preliminary Matters

#### 1. Jurisdiction

Hanson's transfer to a federal correctional institution located outside of the district of South Carolina implicates potential jurisdictional concerns under § 2241. Although neither party has challenged this court's jurisdiction, federal courts have an "independent obligation" to ensure that jurisdiction exists. *See United States v. Bullard*, 645 F.3d 237, 246 (4th Cir. 2011). In habeas cases, "[d]istrict courts are limited to granting relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (quoting 28 U.S.C. § 2241(a)). The statute requires that such writs "be directed to the person having custody of the person detained." 28

U.S.C. § 2243. Therefore, the "proper respondent" in a habeas case is typically the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld*, 542 U.S. at 434–35. In turn, when a habeas petitioner is "challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 442–43 (quotation marks omitted).

Courts within the District of South Carolina have split on whether, after *Rumsfeld*, the transfer of a prisoner destroys subject-matter jurisdiction over a properly-filed § 2241 habeas petition. *See, e.g.*, *Warren v. United States of Am., Inc.*, 2011 WL 4435655, at *4 (D.S.C. Sept. 23, 2011) (compiling cases); *Marcano v. Mosley*, 2018 WL 1179550, at *1 (D.S.C. Feb. 14, 2018) (same). In *Rumsfeld*, the Court expressly noted that the term "jurisdiction" as "used in the habeas statute, 28 U.S.C. § 2241(a)" was not intended to implicate the "subject-matter jurisdiction of [a] District Court." 542 U.S. at 434 n.7. The Fourth Circuit subsequently read *Rumsfeld* to establish that § 2241(a) does not "restrict[] the district courts' subject-matter jurisdiction." *Kanai v. McHugh*, 638 F.3d 251, 257 (4th Cir. 2011). In other words, "the phrase 'within their respective jurisdictions'" does not refer to "the authority of [a] district court to decide the merits of [a] habeas petition," *id.* at 257, and is therefore subject to waiver "if not timely asserted," *id.* at 258. That being the case, this court concludes that habeas jurisdiction, once properly attained under § 2241, is not defeated by the subsequent transfer of the petitioner outside of the district in which the petition was filed. Prior to *Rumsfeld*, the Fourth Circuit held—albeit in an unpublished decision—that jurisdiction in a § 2241 habeas action "is determined at the time an action is filed," such that "subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564, 1994 WL 285462 (4th Cir. 1994) (per curiam) (unpublished). This is consistent with post-*Rumsfeld* decisions from other circuit

6

courts of appeal. *See, e.g., Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change."); *Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005) ("[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change.").

At the time Hanson filed his § 2241 petition in this district, he was incarcerated at FCI-Williamsburg in the custody of the named Respondent. The court acquired jurisdiction at that time, and Hanson's subsequent transfer to FCI-Fairton did not destroy this court's habeas jurisdiction.

### 2. Motion for Recusal

Before considering the Report and Hanson's objections to the Report, the court must briefly address Hanson's motion to recuse. (ECF No. 17). Hanson seeks disqualification of the undersigned district judge, arguing that his denial of relief in prior, unrelated § 2241 prisoner cases places the court's impartiality in doubt. (ECF No. 17 at 1-3). Likewise, Hanson contends that the magistrate judge should be disqualified because of his involvement in prior, unrelated § 2241 prisoner cases in which the prisoner was ultimately denied the requested relief. *Id.* Hanson's motion to recuse is founded on 28 U.S.C. §§ 144, 445, as well as various canons of the *Code of Conduct for United States Judges*. (ECF No. 17 at 3-6).

Under 28 U.S.C. § 144, recusal of a judge is appropriate where the party seeking recusal files a timely and sufficient affidavit stating the judge has a personal bias or prejudice against either the affiant or in favor of any adverse party. *See Sine v. Local No. 992 Int'l Brotherhood of Teamsters*, 882 F.2d 913, 914 (4th Cir. 1989). Additionally, under 28 U.S.C. § 455(a), a judge is to recuse himself "in any proceeding in which his impartiality might reasonably be questioned."

7

28 U.S.C. § 455(a). The standard to be applied is an objective one, and directs a judge to recuse himself if "a reasonable person with knowledge of relevant facts might reasonably question his impartiality." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). "In weighing recusal, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality simply might be trying to avoid what they apprehend may be an adverse ruling." *Kolon Indus., Inc. v. E.I. duPont de Nemours & Co.*, 846 F. Supp. 2d 515, 531 (E.D. Va. 2012) (internal citations omitted). Section 455(a) does not require recusal "simply because of unsupported, irrational or highly tenuous speculation," or because a judge "possesses some tangential relationship to the proceedings." *Cherry*, 330 F.3d at 665 (internal quotation omitted). Bias or prejudice must be proven by compelling evidence. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1025 (7th Cir. 2000).

The court can find no basis for recusal in these allegations. Plaintiff fails to allege or provide any support for his claim beyond listing § 2241 cases in which relief was denied by this court or in which relief was denied after the magistrate judge issued a report and recommendation. Hanson does not explain why any of the listed orders are erroneous or identify any specific reason that these cases reflect judicial bias. "A judge is not disqualified or required to recuse himself in a case merely because a litigant makes unsubstantiated allegations of bias." *Hause v. Miles*, 2014 WL 12538185, at *1 (D.S.C. Feb. 11, 2014). The court finds that Hanson has wholly failed to satisfy his burden of demonstrating bias. Accordingly, Hanson's motion for recusal (ECF No. 17) is **DENIED**.

**B. Hanson's Objections to the Report**

**1**. **Report's Summary Dismissal Recommendation**

**(a) Exhaustion**

As previously noted, the Report recommends summary dismissal of Hanson's habeas petition for failure to exhaust administrative remedies. (ECF No. 14 at 4). Section 2241 petitions are subject to judicial screening, and a district court must summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases; *see* Rule 1(b) of Rules Governing Section 2254 Cases (applying the Rules Governing Section 2254 Cases to § 2241 petitions).[3] Although § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies before seeking habeas review under § 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in a § 2241 matter); *Timms v. Johns*, 627 F.3d 525, 530–33 (4th Cir. 2010) (same). It is undisputed that Hanson did not administratively exhaust his claims that he was entitled to home detention under BOP policies.

In his objections, Hanson argues that exhaustion would be futile in this case because "Respondents are not going to release Petitioner to 'Home Confinement' or 'Federal Location Monitoring' without an order from this court." (ECF No. 22 at 4). In other words, Hanson believes any attempt at exhaustion would be unsuccessful. This position does not aid him, however, since "[e]xhaustion of administrative remedies is not rendered futile just because a prisoner anticipates he will be unsuccessful." *Groomes v. Warden*, 2010 WL 738306, at *6 (D.S.C. Mar. 3, 2010)

---

[3] In his objections, Hanson appears to contend that summary dismissal is not an appropriate means of disposing of his habeas petition because he is raising legal and constitutional claims that, categorically speaking, are cognizable under § 2241. (ECF No. 22 at 2). Hanson's argument is without merit. Even under the liberal construction standard applicable here, a *pro se* litigant must come forward with enough specific facts to permit the court to glean the existence of a concrete claim that is cognizable under § 2241. Likewise, conclusory assertions of a constitutional violation "do not trigger the right" to an evidentiary hearing. *Jones v. Polk*, 401 F.3d 257, 270 (4th Cir. 2005).

(internal quotation marks omitted). Hanson also contends that exhaustion is not required in this case because "[t]he exhaustion requirement is not a statutory requirement" and prisoners "have no Constitutional right to participate in an administrative remedy process." (ECF No. 22 at 3). This objection is clearly without merit, running counter to the Fourth Circuit's application of the exhaustion doctrine in the § 2241 context. *See Johns*, 627 F.3d at 530–33. Accordingly, this objection is overruled.

### (b) Merits

The magistrate judge concluded that "[e]ven if his failure to exhaust could be excused, the relief he seeks (an order directing home confinement and/or location monitoring) is not a cognizable claim under § 2241, because this petition challenges the condition of his confinement, not its fact or duration." (ECF No. 14 at 4-5).

Hanson objects to the Report's characterization of his claims as challenging the conditions of his confinement: "I am challenging the 'FACT' of my confinement, being in illegal detention in the face of violations of the laws and the Constitution in keeping me in prison after I have gone severely blind at the hands of the Respondent Officials, not the conditions of my confinement or its duration." (ECF No. 22 at 5); *see* (ECF No. 22 at 1). Despite Hanson's protestations to the contrary, his petition, as reiterated by his objections to the Report, challenges (at least to some extent) the conditions of his confinement. *See, e.g.*, (ECF No. 22 at 2) ("[T]he Federal Bureau of Prisons (FBOP) is not equipped to handle the needs of a blind inmate, that the needs can be better met in the community . . . ."). Challenges to the conditions of prison life are properly brought as a civil rights action under § 1983, rather than under § 2241 as a habeas petition which challenges the "fact or duration of [the] physical confinement itself. . . ." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). A § 1983 action provides the appropriate remedy "where success in the action would

10

not necessarily spell immediate or speedier release for the prisoner." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). For federal prisoners, the analog to a § 1983 action would be a claim against federal officials under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971).

Finally, to the extent that any of Hanson's claims are not subject to dismissal for failure to exhaust or because they challenge the conditions of confinement, the court concludes that the petition fails to state a viable claim. In order to prevail on a procedural due process claim, a prisoner must demonstrate that a protected liberty interest is at stake. *See Wolff v. McDonnell*, 418 U.S. 539, 555–57 (1974). Hanson has failed to explain how the BOP policies and the U.S.S.G. provision on which he relies create enforceable entitlements that would give him a protected liberty interest on which to rest his due process claim. As for Hanson's Eighth Amendment "cruel and unusual punishment" claim, he must prove (1) "the deprivation of a basic human need" that was "'sufficiently serious,'" and (2) "that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Hanson has made no such showing in this case.

Accordingly, the court finds Hanson's objections (ECF No. 22) to be without merit, and adopts the recommendation of the magistrate judge to **DISMISS** the petition (ECF No. 1).

### 2. Motion for Preliminary Injunction

In light of the court's exercise of jurisdiction and denial of Hanson's petition, the court **DENIES** as moot Hanson's Motion for Preliminary Injunction. (ECF No. 11).

### III. Conclusion

For the reasons stated in the Report, as well as the additional reasons stated in this order, the court adopts the recommendation of the magistrate judge and **DISMISSES** the petition (ECF

No. 1) with prejudice.  And, for the reasons stated in this order, the court **DENIES** the Motion for a Preliminary Injunction.  (ECF No. 11).  Likewise, for the reasons articulated by the court in this order, the Motion to Recuse is **DENIED**.  (ECF No. 17).

Finally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the court finds that Hanson has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

October 9, 2018
Anderson, South Carolina